UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BRIKHO, Jr.,

    Plaintiff,

v.

CHARLES NOLEN, *et al.*,

    Defendants.

Case No. 18-12965
Honorable Laurie J. Michelson
Magistrate Judge Stephanie Dawkins Davis

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR ALTERNATIVE SERVICE [13]

George Brikho is a shareholder in Suite B, LLC, a small business operating a marijuana dispensary in Inkster, Michigan. (ECF No. 8, PageID.113.) Brikho filed this § 1983 and civil RICO case alleging a number of municipal officials from the City of Inkster "engaged in unconstitutional activities to deprive [him] of his property right in the license to sell marijuana in the City of Inkster." (ECF No. 1, PageID.2, 11–21.)

Brikho has served all but one Defendant, Charles Nolen. All other Defendants, including Charles' brother Byron, have answered. (ECF No. 7.) But because Charles has evaded the permissible forms of service provided by Federal Rule of Civil Procedure 4, Brikho asks this Court for permission to serve Charles using an alternative method. (ECF No. 13.)

Federal Rule of Civil Procedure 4 governs service of process in federal court. See Fed. R. Civ. P. 4. And Rule 4 gives plaintiffs a few options. One option is to personally serve the summons and complaint on the individual sued or the individual's agent. Fed. R. Civ. P. 4(e)(2)(A); Fed. R. Civ. P. 4(e)(2)(C). Or, plaintiffs can leave a copy of the summons and complaint in the hands of someone of "suitable age and discretion who resides" at the individual's "dwelling or place of

abode." Fed. R. Civ. P. 4(e)(2)(B). And Rule 4 says service is also allowed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made." Fed. R. Civ. P. 4(e)(1). So Rule 4 expressly authorizes Michigan plaintiffs in a federal action to borrow Michigan's state court rules of service.

Michigan state courts allows for two forms of service. One, just like Rule 4, is personal service on the individual sued. *See* Mich. Ct. R. 2.105(A)(1). The other is service by registered or certified mail, "return receipt requested, and delivery restricted to the addressee." Mich. Ct. R. 2.105(A)(2). And under service by registered or certified mail, the defendant must sign the return receipt. (*Id.*)

Brikho's request for alternative service says all of the above methods have proven futile. First Brikho tried to serve Charles at his place of business, Cutter's Bar and Grill, near Eastern Market. (ECF No. 13, PageID.215.) But, says Brikho, four times Charles' employees gave the process server the runaround. (*Id.*) And despite leaving business cards with Charles' employees, Charles never contacted the process server. (*Id.*) Next, Brikho tried to serve Charles at an address in Canton, Michigan. (*Id.*) Three times the process server tried to serve Charles at that address. (*Id.*) Once, an occupant of the house said Charles was not home, but the occupant refused to share anything else. (*Id.*) And finally, Brikho learned that Charles received mail at a Romulus address. (*Id.*) Four times the process server went to Romulus. (*Id.*) At least one of those times, the process server saw people inside watching television. (*Id.*) But nobody ever answered the door. (*Id.* at PageID.215–216.)

Convinced Charles is evading service, Brikho asks the Court to permit Brikho to serve Charles using two alternative methods. Brikho would like to post the summons and complaint at Cutter's Bar and Grill, as well as at the Romulus address. (*Id.* at PageID.216.) Brikho also wants

to mail the summons and complaint to the same places. (*Id.* at PageID.216.) In support of his plan, Brikho points to Michigan Court rule 2.105(I). As a last resort, Rule 2.105(I) allows for service by "any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(A)(2).

Brikho is entitled to serve Charles using an alternative manner. Brikho has tried personal service, through a process server, at least 11 times. And on more than a few of those occasions, the process server was stonewalled. So personal service has failed thus far. True, Brikho could send the summons and complaint via registered or certified mail. But the process server's labors give rise to real doubt about whether Charles would sign for his mail anywhere. At Cutter's Bar and Grill, employees told the process server they had no idea when Charles would be available. (ECF No. 13, PageID.215.) At the Canton residence, the process server was turned away empty handed. And at the Romulus address, people visible inside the house never answered the door. So Brikho has shown that service by mail, as contemplated by Rule 2.105(A)(2), is not likely to work.

Thus, the Court grants Brikho's request for alternative service. Pursuant to Michigan Court Rule 2.105(I), Brikho is to mail the summons and complaint to Cutter's Bar and Grill and at the Romulus address. Return receipt is not required. And Brikho is to post the summons and complaint at both places. Charles owns the bar, and the employees there at least knew his name. Plus, the Romulus address is occupied, and Charles receives mail there. Therefore, Brikho's proposed alternative methods are "reasonably calculated" to apprise Charles of these proceedings and thus afford him an opportunity to be heard.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Date: February 4, 2019

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 4, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                      s/William Barkholz
                                      Case Manager